1  Kevin M. (Casey) Christensen, SBN 168119
   E-mail: casey.christensen@bullivant.com
2  Peter Roldan, SBN 227067
   E-mail: peter.roldan@bullivant.com
3  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
4  San Francisco, California 94108
   Telephone: 415.352.2700
5  Facsimile: 415.352.2701

6  Attorneys for Defendants Employee Benefit
   Management Services, Inc. and Ravalli
7  County

**FILED**

**2008 JAN 24  P 2: 15**

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

**E-FILING**

**ADR**

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                       SAN JOSE DIVISION

11                                          **C 08    00538 HRL**

STANFORD HOSPITAL AND CLINICS, a      Case No.:
12  California corporation,
                                       **NOTICE OF REMOVAL**
13                 Plaintiff,

14        vs.

15  EMPLOYEE BENEFIT MANAGEMENT        **BY FAX**
    SERVICES, INC., a Montana corporation;
16  RAVALLI COUNTY, a political subdivision of
    the State of Montana; and DOES 1-50,
17  inclusive,

18                 Defendants.

19

20        **TO THE HONORABLE JUDGES AND CLERK OF THE COURT**:

21        Defendants Employee Benefit Management Services, Inc. and Ravalli County hereby

22  request the removal of the action titled *Stanford Hospital and Clinics v. Employee Benefit*

23  *Management Services, Inc., et al* which is pending in the Superior Court for the State of

24  California for the County of Santa Clara as Case No. 107CV099041.

25        Pursuant to 28 U.S.C. § 1441(b), the Court may and should take jurisdiction over this

26  matter for all purposes, for the following reasons:

27        1.    **SUBJECT MATTER JURISDICTION**:  This matter falls within the Court's

28  original subject matter jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction).

6092007.1                            – 1 –
                                 NOTICE OF REMOVAL

a.    **COMPLETE DIVERSITY OF CITIZENSHIP**: There is complete diversity of citizenship between plaintiff and defendants.

- As alleged in its First Amended Complaint ("Complaint"), plaintiff is a nonprofit corporation organized and existing pursuant to the laws of the State of California, and has its principle place of business in Santa Clara County, California. (Complaint, ¶ 1.)

- Defendant Employee Benefit Management Services, Inc. was at the time of the filing of the Complaint, and still is, a corporation organized and existing under the laws of the State of Montana with its principal place of business in Billings, Montana, and thus is considered a citizen of the State of Montana for purposes of diversity jurisdiction.

- Defendant Ravalli County is a political subdivision of the State of Montana, and thus is considered a citizen of the State of Montana for purposes of diversity jurisdiction.

- Defendants are informed and believe that Montana Association of Counties Healthcare Trust, erroneously sued as Montana Association of Counties Healthcare Trust – Group Health Benefits Plan, is no longer a party to this action following plaintiff's filing of its First Amended Complaint.[1] Thus, its citizenship is irrelevant for purposes of this removal. To the extent that it is deemed to remain a party to the action, defendants are informed and believe that Montana Association of Counties Healthcare Trust is a trust organized under the laws of the State of Montana, and having its principal place of

---

[1] Plaintiff's initial complaint named the Montana Association of Counties Healthcare Trust as a defendant. That party, and all allegations concerning it, were deleted from plaintiff's First Amended Complaint. On January 22, 2008, plaintiff's counsel Karlene Rogers-Aberman, Esq., confirmed in a telephone call with undersigned counsel that plaintiff did not intend to pursue any claims in this action against Montana Association of Counties Healthcare Trust, and intended by its first amended complaint to dismiss that party from the action.

6092007.1

– 2 –

1    business in Montana, and is thus considered a citizen of Montana for

2    purposes of diversity jurisdiction.

3    • For purposes of removal jurisdiction, the citizenship of the fictitious

4    defendants identified in the Complaint as "DOES 1-50" must be

5    disregarded. 28 U.S.C. § 1441(b).

6    b.    **AMOUNT IN CONTROVERSY**: The amount in controversy between

7    plaintiff and defendants exceeds the jurisdictional minimum of this Court ($75,000). In its

8    Complaint, plaintiff prays for compensatory damages of $414,866.38.

9    c.    **NO RESIDENT DEFENDANT**: No defendant is a resident of

10    California.

11    2.    **TIMELINESS**: This notice of removal is timely because defendants first

12    received notice of the complaint filed against them on December 26, 2007.

13    3.    **JOINDER OF ALL SERVED DEFENDANTS**: All defendants who have been

14    served join in this Notice of Removal. As alleged in paragraph 1.a. and footnote 1 above, the

15    Montana Association of Counties Healthcare Trust is no longer a party and therefore its joinder

16    in or consent to this removal is not required. Nonetheless, that party does consent to this

17    removal, as set forth in the accompanying written consent.

18    4.    **FILING OF STATE COURT PLEADINGS**: Attached hereto as Exhibit A are

19    copies of all state court pleadings and orders known to defendants to exist.

20    5.    **NOTICE TO STATE COURT OF REMOVAL**: The removing parties shall

21    promptly give notice of this Notice of Removal to the state court in which the action was filed.

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

6092007.1

– 3 –

1   6. **INTRADISTRICT ASSIGNMENT**: The action should be assigned to the

2 Court's San Jose Division because the action is being removed from the state court for the

3 County of Santa Clara.

4 DATED:  January 24, 2008

5

6         BULLIVANT HOUSER BAILEY PC

7

8       By _____

9         Kevin M. (Casey) Christensen
          Peter Roldan

10        Attorneys for Defendants Employee Benefit
         Management Services, Inc. and Ravalli County

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6092007.1

NOTICE OF REMOVAL

**SUMMONS** ON FIRST AMENDED COMPLAINT

*(CITACION JUDICIAL)*

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC; RAVALLI
COUNTY; and DOES 1-50; inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
STANFORD HOSPITAL AND CLINICS, a California
Corporation

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SANTA CLARA-UNLIMITED JURISDICTION
191 N. FIRST STREET
SAN JOSE, CALIFORNIA  95113-1090
SUPERIOR COURT-DOWNTOWN

CASE NUMBER:
*(Número del Caso:)* 107CV099041

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KARLENE ROGERS-ABERMAN (SBN 237883)          TEL (818) 559-4477
STEPHENSON, ACQUISTO & COLMAN                 FAX (818) 559-5484
303 North Glenoaks Boulevard #700
BURBANK, CALIFORNIA  91502-3226

DATE:                          Clerk, by _____, Deputy
*(Fecha)*                      *(Secretario)*                                *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**
ON FIRST AMENDED COMPLAINT

Legal
Solutions®
Plus

Code of Civil Procedure §§ 412.20, 465

**STEPHENSON, ACQUISTO & COLMAN**
**JOY YOUNG STEPHENSON, ESQ.**      (SBN 113755)
**BARRY SULLIVAN, ESQ.**               (SBN 136571)
**KARLENE J. ROGERS-ABERMAN, ESQ.**  (SBN 237883)
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502
Telephone: (818) 559-4477
Fax: (818) 559-5484

Attorneys for Plaintiff,
STANFORD HOSPITAL AND CLINICS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## UNLIMITED JURISDICTION - COUNTY OF SANTA CLARA

| | |
|---|---|
| STANFORD HOSPITAL AND CLINICS, a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC; RAVALLI COUNTY; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 107CV099041<br><br>(Demand exceeds $25,000)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES:**<br><br>1. Breach of Written Contract;<br>2. Breach of Oral Contract;<br>3. Breach of Contract Implied in Fact;<br>4. *Quantum Meruit;*<br>5. Negligent Misrepresentation;<br>6. Estoppel. |

## PARTIES

1.     Plaintiff Stanford Hospital and Clinics ("Stanford") is a nonprofit corporation organized and existing pursuant to the laws of the State of California. Stanford has its principal place of business in Santa Clara County, California. Stanford provides medical services, equipment, and supplies to sick patients.

2.     Defendant Employee Benefit Management Services, Inc. ("EBMS") is a Montana corporation, has its principal place of business in Billings, Montana, and is qualified to do business in the State of California. EBMS is in the business of providing insurance-related services, and is a third party administrator

1    providing various claims paying services on behalf of self-funded group health

2    plans.

3         3.     Defendant Ravalli County is an entity, form unknown, existing under

4    and by virtue of the laws of the State of Montana. Stanford is informed and

5    believes, and thereon alleges, that Ravalli County provides a health care coverage

6    plan to its employees, beneficiaries, members and/or subscribers (the "Plan

7    Beneficiaries"). Stanford is further informed and believes, and thereon alleges,

8    that at all relevant times, Ravalli County conducted business in the State of

9    California.

10        4.     Stanford is unaware of the true names and capacities, whether

11    corporate, associate, individual, partnership or otherwise of defendants DOES 1-

12    50, inclusive, and therefore sues such defendants by such fictitious names.

13    Stanford will seek leave of the Court to amend this complaint to allege their true

14    names and capacities when ascertained.

15        5.     Defendants, and each of them, at all relevant times, have transacted

16    business in the State of California. The violations alleged within this complaint

17    have been and are being carried out in California.

18        6.     At all relevant times each of the defendants, including the DOE

19    defendants, was and is the agent, employee, employer, joint venturer,

20    representative, alter ego, subsidiary, and/or partner of one or more of the other

21    defendants, and was, in performing the acts complained of herein, acting within

22    the scope of such agency, employment, joint venture, or partnership authority,

23    and/or is in some other way responsible for the acts of one or more of the other

24    defendants.

25

26                  **COMMON FACTUAL BACKGROUND**

27        7.     At all relevant times, Defendants had access to contract rates

28    negotiated between Stanford and MultiPlan, Inc. ("MultiPlan"), a non-party to

FAC.doc             - 2 -             First Amended Complaint for Damages

1    this action. Defendants represented that payment for the services provided by

2    Stanford to Defendants' Plan Beneficiaries would be made at 75% of total billed

3    charges, pursuant to the compensation rates set forth in the MultiPlan contract.

4        8.    At all relevant times, a patient with initials "D.A." ("Patient") was a

5    Plan Beneficiary of Defendants' self-funded health plan.

6        9.    Stanford provided medically necessary services, supplies and/or

7    equipment to Patient between March 31, 2004 and June 14, 2004, and Defendants

8    were billed periodically for such services.

9        10.    On March 15, 2004, Stanford telephonically verified Patient's

10   eligibility and coverage under Defendants' health plan, and was told by EBMS

11   that there was a $1,000,000.00 lifetime maximum in payable benefits, of which

12   only $10,976.71 had been used. At that time, EBMS provided Stanford with

13   authorization #U0406200062, which approved 4 days of treatment.

14       11.    **DOS No. 1**. During the dates of service from March 31, 2004

15   through May 17, 2004 ("DOS No. 1"), Stanford provided medically necessary

16   services, supplies and/or equipment to Patient. Patient was admitted with a

17   diagnosis of cerebrovasular anomaly, which diagnosis remained the same upon

18   discharge. The total charges for Patient's treatment during DOS No. 1 amounted

19   to $862,838.06.

20       12.    On May 18, 2004, Stanford spoke with "Joan H" at EBMS who

21   confirmed that all 47 days of Patient's treatment during DOS No. 1 had been

22   approved under authorization #U0406200062.

23       13.    On May 21, 2004 Stanford spoke with "Susan" in EBMS' benefits

24   department, who again verified that Patient had a lifetime benefits maximum of

25   $1,000,000.00, of which $100,000.00 had been allotted for rehabilitation services.

26   Susan further stated that of the remaining $900,000.00 lifetime maximum,

27   $386,000.00 in benefits had been used.

28       14.    Based on the rates set forth in the MultiPlan contract, Stanford

FAC.doc                        - 3 -                First Amended Complaint for Damages

1    expected to be reimbursed by Defendants in the amount of $647,128.54, which

2    was 75% of the $862,838.06 in total billed charges.

3        15.    On or about June 2, 2004, Stanford timely and properly submitted

4    Patient's claim for DOS No. 1 to EBMS for payment, but EBMS only paid

5    $595,508.4--, $51,620.13 less than what was due.

6        16.    **DOS No. 2**. During the dates of service from May 17, 2004 through

7    June 1, 2004 ("DOS No. 2"), Stanford provided medically necessary

8    rehabilitation services, supplies and/or equipment to Patient. The total charges

9    for Patient's treatment during DOS No. 2 amounted to $85,770.70.

10        17.    On May 18, 2004, Stanford spoke with "Betsy P." who verified that

11    Patient had $100,000.00 in rehabilitation benefits.

12        18.    On May 21, Stanford spoke by telephone with "Joanne" who stated

13    that Patient was "getting close to" his lifetime maximum. Stanford was then

14    transferred to Susan in EBMS' benefits department, who stated that Patient had

15    $100,000.00 allocated for rehabilitation, and that no rehabilitation benefits had

16    been used.

17        19.    On June 2, 2004, Stanford received a call from Joanne who stated

18    that all 15 days of DOS No. 2 had been approved for payment under authorization

19    #U0413800028.

20        20.    Based on the rates set forth in the MultiPlan contract, Stanford

21    expected to be reimbursed by Defendants in the amount of $64,328.03, which was

22    75% of the $85,770.70 in total billed charges.

23        21.    On or about June 5, 2004, Stanford timely and properly submitted

24    Patient's claim for DOS No. 2 to EBMS for payment, but EBMS has failed to

25    reimburse Stanford for the medically necessary services, supplies and/or

26    equipment provided to Patient.

27        22.    **DOS No. 3**. During the dates of service from June 1, 2004 through

28    June 2, 2004 ("DOS No. 3"), Stanford provided medically necessary services,

1   supplies and/or equipment to Patient. Patient was admitted with a diagnosis of
2   cerebrovascular anomaly, and had a discharge diagnosis of head deformity. The
3   total charges for Patient's treatment amounted to $6,951.23.

4       23.   On June 2, 2004, Stanford spoke with "Fred" at EBMS who verified
5   that $613,000.00 of Patient's $1,000,000 lifetime maximum had been used.

6       24.   On June 4, 2004, Stanford spoke with "Nancy B.", who authorized
7   Patient's treatment for DOS No. 3 under Authorization #U0415400018.

8       25.   Based on the rates set forth in the MultiPlan contract, Stanford
9   expected to be reimbursed by Defendants in the amount of $5,213.42, which was
10  75% of the $6,951.23 in total billed charges.

11      26.   On or about June 7, 2004, June 8, 2004 and June 28, 2004, Stanford
12  timely and properly submitted three interim bills for Patient's treatment during
13  DOS No. 3, but EBMS has failed to reimburse Stanford for the medically
14  necessary services, supplies and/or equipment provided to Patient.

15      27.   **DOS No. 4**. During the dates of service from June 2, 2004 through
16  June 14, 2004 ("DOS No. 4"), Stanford provided medically necessary
17  rehabilitation services, supplies and/or equipment to Patient. The total billed
18  charges for Patient's treatment amounted to $54,814.84.

19      28.   On June 3, 2004, Stanford spoke with "Maureen B." at EBMS who
20  authorized 12 days of rehabilitation treatment under authorization
21  #U0415400036.

22      29.   Based on the rates set forth in the MultiPlan contract, Stanford
23  expected to be reimbursed by Defendants in the amount of $41,111.13, which was
24  75% of the $54,814.84 in total billed charges.

25      30.   On or about June 18, 2004, Stanford timely and properly submitted
26  Patient's claim for DOS No. 4 to EBMS for payment, but EBMS has failed to
27  reimburse Stanford for the medically necessary services, supplies and/or
28  equipment provided to Patient.

31.     The total amount still due and owing from Defendants is $162,272.71 (i.e., 75% of the total billed charges for DOS No. 1 + DOS No. 2 + DOS No. 3 + DOS No. 4).

32.     Stanford reasonably relied on EBMS' representations regarding Patient's coverage, and was thereby induced to provide services and not to make other financial arrangements to obtain payment for the medical services, supplies and/or equipment rendered to Patient.

33.     Stanford has exhausted all administrative remedies to appeal Defendants' refusal to pay the amounts properly due and owing for the medical services, supplies and/or equipment rendered to Patient.

34.     Stanford has satisfied all conditions and has performed all duties and obligations required to be performed in accordance with the law.

## FIRST CAUSE OF ACTION

### (Breach of Written Contract)

### (Against All Defendants)

35.     Stanford incorporates by reference and re-alleges paragraphs 1 through 34 here as though set forth in full

36.     Prior to the rendition of the medical services, supplies and/or equipment to Patient, Stanford had entered into a contract with MultiPlan.

37.     Stanford is informed and believes, and thereon alleges, that the MultiPlan contract became effective on May 1, 1994, and remained in effect during all dates and times referenced herein.

38.     Under the terms of the MultiPlan contract, Stanford agreed to provide medical services, supplies and/or equipment to Plan Beneficiaries who were covered by certain health plan participants accessing the MultiPlan contract. The participating health plans, in turn, upon submission by Stanford of a claim for payment, agreed to pay according to the rates established in the MultiPlan

1    contract.

2        39.    Stanford is informed and believes, and thereon alleges, that prior to

3    the dates of service herein alleged, Defendants contracted with MultiPlan to be a

4    participating health plan payor under the MultiPlan contract. As such,

5    Defendants obtained the right to reimburse Stanford at a specified discounted

6    rate, and undertook the duty to pay pursuant to the terms of the MultiPlan

7    contract. Stanford further alleges, on information and belief, that the

8    establishment of such a relationship between hospitals and payors through a

9    network pricer is the primary intent of all parties entering into such agreements.

10        40.    Stanford duly performed all obligations on its part to be performed

11    under the terms of the MultiPlan contract, except as the same may have been

12    waived or excused by Defendants or their conduct.

13        41.    Defendants breached the MultiPlan contract by failing and refusing

14    to pay the balance due for medical services, supplies, and/or equipment rendered

15    by Stanford, as priced by the MultiPlan contract, despite demand therefor.

16        42.    As a direct and proximate result thereof, Stanford has been damaged

17    in the sum of $162,272.71.

18

19        **SECOND CAUSE OF ACTION**

20        (Breach of Oral Contract)

21        (Against All Defendants)

22        43.    Stanford incorporates by reference and re-alleges paragraphs 1

23    through 34 here as though set forth in full.

24        44.    By virtue of the conduct described above, Stanford and Defendants

25    entered into an oral contract which was created when Stanford agreed to provide

26    medically necessary services, supplies and/or equipment to Patient in exchange

27    for reimbursement by Defendants at the compensation rates set forth in the

28    MultiPlan contract.

FAC.doc                    - 7 -                    First Amended Complaint for Damages

1       45.   Stanford complied with all, or substantially all of the material

2 provisions in the oral contract (i.e., it rendered medically necessary care to

3 Patient).

4       46.   All conditions required for Defendants' performance have occurred.

5       47.   Defendants breached the oral contract by failing to pay Stanford the

6 contract value of the medical services, supplies and/or equipment provided to

7 Patient by Stanford, despite due demand therefor.

8       48.   As a direct and proximate result of Defendants' conduct, Stanford

9 has been damaged in the amount of $162,272.71.

10

11                **THIRD CAUSE OF ACTION**

12             (Breach of Contract Implied-in-Fact)

13               (Against All Defendants)

14       49.   Stanford incorporates by reference and re-alleges paragraphs 1

15 through 34 here as though set forth in full.

16       50.   By virtue of the conduct described above, Stanford and Defendants

17 entered into an implied-in-fact contract which was created when Stanford agreed

18 to provide medically necessary services, supplies and/or equipment to Patient in

19 exchange for reimbursement by Defendants at the compensation rates set forth in

20 the MultiPlan contract.

21       51.   Stanford complied with all, or substantially all of the material

22 provisions of the implied-in-fact contract (i.e., it rendered medically necessary

23 care to Patient).

24       52.   All conditions required for Defendants' performance have occurred.

25       53.   Defendants breached the implied-in-fact contract by failing to pay

26 Stanford the contract value of the medical services, supplies and/or equipment

27 provided to Patient by Stanford, despite due demand therefor.

28       54.   As a direct and proximate result of Defendants' conduct, Stanford

1 | has been damaged in the amount of $162,272.71.

2

3 | **FOURTH CAUSE OF ACTION**

4 | (*Quantum Meruit*)

5 | (Against all Defendants)

6 | 55.    Stanford incorporates by reference and re-alleges paragraphs 1

7 | through 34 here as though set forth in full.

8 | 56.    As a direct and proximate result of Defendants' assurances and

9 | representations that Patient was a Plan Beneficiary, Stanford rendered medically

10 | necessary services, supplies and/or equipment to Patient.

11 | 57.    Defendants have not paid Stanford for the value of the services,

12 | despite due demand therefor.

13 | 58.    The usual and customary value of the services provided to Patient at

14 | Defendants' request is $1,010,374.80.

15 | 59.    Defendants have made a partial payment of the amount billed under

16 | the compensation terms set forth in the MultiPlan contract, in the sum of

17 | $595,508.42.

18 | 60.    The unpaid remaining amount for the value of the services provided

19 | is $414,866.38.

20 | 61.    As a direct and proximate result of Defendants' conduct, Stanford

21 | has been damaged in the amount of $414,866.38.

22

23 | **FIFTH CAUSE OF ACTION**

24 | (Negligent Misrepresentation)

25 | (Against All Defendants)

26 | 62.    Stanford incorporates by reference and re-alleges paragraphs 1

27 | through 34 here as though set forth in full.

28 | 63.    As stated above, Stanford agreed to provide medically necessary

services, equipment, and supplies to the Plan Beneficiaries of Defendants' health
care plan, in exchange for which Defendants agreed to pay Stanford pursuant to
the MultiPlan contract.

64.    On or about the dates listed above, Defendants and/or their agents
informed Stanford that Patient was covered under a healthcare plan sponsored
and/or administered by Defendants, and represented to Stanford that Defendants
would pay 75% of Stanford's total billed charges, and also authorized the medical
services to be provided to Patient by providing various treatment authorization
numbers.

65.    Defendants' representations were false (or were made without a
reasonable basis for believing them to be true) in that Defendants had no intention
of adhering to the parties' agreement and paying Stanford 75% of Stanford's total
billed charges for the medically necessary services, supplies and/or equipment
rendered to Patient.

66.    Defendants intended Stanford to rely on the aforementioned
misrepresentations to induce Stanford to render and/or continue rendering
medical services, equipment and/or supplies to Patient and abstain from making
alternative financial arrangements with Patient.

67.    Stanford reasonably relied on Defendants' representations.

68.    Defendants refused and continue to refuse to pay Sanford the full
amount due despite the representations of Defendants to the contrary.

69.    As a direct and proximate result of the aforementioned
misrepresentations, Stanford was obstructed from pursuing other avenues of
reimbursement, rendered medical care on false pretenses, and has suffered
substantial detrimental damages in the sum of $162,272.71.

1

## SIXTH CAUSE OF ACTION

2
(Estoppel)

3
(Against All Defendants)

4    70.    Stanford incorporates by reference and re-alleges paragraphs 1

5    through 34 here as though set forth in full.

6    71.    Defendants were apprised of all the facts when representing to

7    Stanford that Patient was a Plan Beneficiary and that payment would be made for

8    the charges incurred by Stanford for the medically necessary services, supplies

9    and/or equipment rendered to Patient.

10    72.    When promising, assuring and representing to Stanford that

11    Defendants' health plan would reimburse Stanford for such treatment, Defendants

12    knew, or should have known, that Stanford would be induced to rely on

13    Defendants' promises, assurances and representations.

14    73.    Stanford reasonably and justifiably relied upon such representations

15    and assurances.

16    74.    As a direct and proximate result of Defendants' conduct, Stanford

17    has been damaged in the amount of $162,272.71.

18

19

20

21

## PRAYER FOR RELIEF

22    **WHEREFORE**, Stanford prays for judgment as follows:

23    1.    For the first, second, third, fifth and sixth causes of action, the

24    principal sum of $162,272.71;

25    2.    For the fourth cause of action, the principal sum of $414,866.38;

26    3.    For all causes of action, interest on such principal sum at the rate of

27    fifteen percent (15%) per annum, pursuant to Cal. Health & Safety Code § 1371;

28    4.    For all causes of action, pre-judgment interest on such principal sum,

1    at the legal rate, pursuant to Cal. Civ. Code § 3287(a); and,

2          5.     For all causes of action, such other and further relief as the court

3    deems just and proper.

4

5    Respectfully submitted,

6    Dated: January 9, 2008

                                 STEPHENSON, ACQUISTO & COLMAN

7

8

9

10                             KARLENE J. ROGERS-ABERMAN

                                 Attorneys for Plaintiff

11                                Stanford Hospital and Clinics

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FAC.doc                          - 12 -                 First Amended Complaint for Damages

1  Kevin M. (Casey) Christensen, SBN 168119
   E-mail: casey.christensen@bullivant.com
2  Peter Roldan, SBN 227067
   E-mail: peter.roldan@bullivant.com
3  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
4  San Francisco, California 94108
   Telephone: 415.352.2700
5  Facsimile: 415.352.2701

6  Attorneys for Defendants Employee Benefit
7  Management Services, Inc. and Ravalli County



8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SANTA CLARA

10 STANFORD HOSPITAL AND CLINICS, a      Case No.: 107CV099041
   California Corporation,
11                                        EMPLOYEE BENEFIT MANAGEMENT
12                Plaintiff,              SERVICES, INC. AND RAVALLI
                                          COUNTY'S ANSWER TO PLAINTIFF'S
13        v.                              FIRST AMENDED COMPLAINT

14 EMPLOYEE BENEFIT MANAGEMENT
   SERVICES, INC.; RAVALLI COUNTY; and
15 DOES 1-50, inclusive,
                                                    BY FAX
16                Defendants.

17

18        Defendants Employee Benefit Management Services, Inc. and Ravalli County, and each

19 of them, answer the First Amended Complaint ("complaint") of plaintiff Stanford Hospital and

20 Clinics for breach of written contract, breach of oral contract, breach of contract implied in fact,

21 *quantum meruit*, negligent misrepresentation, and estoppel as follows:

22                            **GENERAL DENIAL**

23        Pursuant to Code of Civil Procedure section 431.30, defendants deny generally and

24 specifically, each and every allegation of plaintiff's unverified complaint , and further deny that

25 plaintiff has sustained any loss in the sum or sums alleged, or in any other sum or sums, or at all,

26 by reason of any act or omission on the part of defendants, or either of them.  Employee Benefit

27 Management Services, Inc. and Ravalli County further allege the following affirmative

28 defenses:

6091950.1                           – 1 –

1  Kevin M. (Casey) Christensen, SBN 168119
   E-mail: casey.christensen@bullivant.com
2  Peter Roldan, SBN 227067
   E-mail: peter.roldan@bullivant.com
3  BULLIVANT HOUSER BAILEY PC
   601 California Street, Suite 1800
4  San Francisco, California 94108
   Telephone: 415.352.2700
5  Facsimile: 415.352.2701

6  Attorneys for Defendants Employee Benefit
   Management Services, Inc. and Ravalli County
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF SANTA CLARA

10 STANFORD HOSPITAL AND CLINICS, a          Case No.: 107CV099041
   California Corporation,
11                                           **EMPLOYEE BENEFIT MANAGEMENT**
                                             **SERVICES, INC. AND RAVALLI**
12              Plaintiff,                    **COUNTY'S ANSWER TO PLAINTIFF'S**
                                             **FIRST AMENDED COMPLAINT**
13       v.

14 EMPLOYEE BENEFIT MANAGEMENT
   SERVICES, INC.; RAVALLI COUNTY; and
15 DOES 1-50, inclusive,

16              Defendants.

17

18        Defendants Employee Benefit Management Services, Inc. and Ravalli County, and each

19 of them, answer the First Amended Complaint ("complaint") of plaintiff Stanford Hospital and

20 Clinics for breach of written contract, breach of oral contract, breach of contract implied in fact,

21 *quantum meruit*, negligent misrepresentation, and estoppel as follows:

22                            **GENERAL DENIAL**

23        Pursuant to Code of Civil Procedure section 431.30, defendants deny generally and

24 specifically, each and every allegation of plaintiff's unverified complaint , and further deny that

25 plaintiff has sustained any loss in the sum or sums alleged, or in any other sum or sums, or at all,

26 by reason of any act or omission on the part of defendants, or either of them. Employee Benefit

27 Management Services, Inc. and Ravalli County further allege the following affirmative

28 defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's complaint, and each cause of action alleged therein, fails to state a cause of action or claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Any damages suffered by plaintiff as alleged in its complaint, if any there be, occurred as a result of plaintiff's failure to properly mitigate its damages.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust its administrative remedies against defendants.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's complaint is barred by the doctrine of laches.

**EIGHTH AFFIRMATIVE DEFENSE**

There is no contractual privity between plaintiff and defendants Employee Benefit Management Services, Inc. and Ravalli County, or either of them.

**NINTH AFFIRMATIVE DEFENSE**

Defendants were excused from their duties and/or obligations under any contract alleged, if any, as plaintiff breached the contract and/or did not perform all conditions, covenants, duties obligations, and/or promises required by it to be performed.

**TENTH AFFIRMATIVE DEFENSE**

The oral contract alleged in the complaint is unenforceable because it was incomplete and there was no meeting of the minds as to key elements of the contract.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's third cause of action is barred in that plaintiff may not rely on the terms of an

6091950.1

– 2 –

1 | implied contract that contradicts the terms of any applicable written contract between plaintiff

2 | and defendants.

3 | **TWELFTH AFFIRMATIVE DEFENSE**

4 | The services allegedly rendered by plaintiff were not of direct or indirect benefit to the

5 | answering defendants.

6 | **THIRTEENTH AFFIRMATIVE DEFENSE**

7 | Plaintiff's complaint and causes of action, and each of them, are barred in whole or in

8 | part to the extent of any misrepresentation and/or omissions by plaintiff.

9 | **FOURTEENTH AFFIRMATIVE DEFENSE**

10 | Defendants deny the allegations in plaintiff's complaint. However, should it be

11 | determined that plaintiff has been damaged, then said damages were proximately caused by

12 | plaintiff's own conduct.

13 | **FIFTEENTH AFFIRMATIVE DEFENSE**

14 | Any alleged conduct or omission by these answering defendants was not the cause in

15 | fact or proximate cause of any injury alleged by plaintiff and was not a substantial factor in

16 | causing any injury or damages to plaintiff.

17 | **SIXTEENTH AFFIRMATIVE DEFENSE**

18 | Defendants, and each of them, substantially performed all contractual obligations, if any,

19 | owing to plaintiff.

20 | **SEVENTEENTH AFFIRMATIVE DEFENSE**

21 | Defendants owe nothing to plaintiff because the patient to which plaintiff allegedly

22 | rendered medical treatment had and has exhausted his lifetime maximum medical benefits

23 | payable under any and all health plans offered, issued, underwritten, or administered by

24 | defendants, or either of them.

25 | WHEREFORE, Defendants Employee Benefit Management Services, Inc. and Ravalli

26 | County pray for judgment as follows:

27 | 1.    That plaintiff take nothing and that the complaint and each cause of action in it

28 | be dismissed with prejudice;

6091950.1

– 3 –

EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC. AND RAVALLI COUNTY'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1      2.     For costs of suit; and

2      3.     For such other relief as is deemed appropriate by the Court.

3  DATED: January 23, 2008

4                       BULLIVANT HOUSER BAILEY PC

5

6                       By _____

7                          Kevin M. (Casey) Christensen
                            Peter Roldan

8                       Attorneys for Defendants Employee Benefit
                       Management Services and Ravalli County

9

10                      *****

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC. AND RAVALLI COUNTY'S ANSWER TO PLAINTIFF'S
FIRST AMENDED COMPLAINT

1

**PROOF OF SERVICE**

2

3

4

I am employed in the City and County of San Francisco by the law firm of Bullivant Houser Bailey ("the business"), 601 California Street, Suite 1800, San Francisco, CA 94108. I am over the age of 18 and not a party to this action. On January 23, 2008, I served the document(s) entitled:

5

6

**EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC. AND RAVALLI COUNTY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

7

8

upon the following party(ies):

9

10

11

12

13

| Joy Young Stephenson<br>Barry Sullivan<br>Karlene Rogers-Aberman<br>STEPHENSON, ACQUISTO & COLMAN<br>303 North Glenoaks Blvd. #700<br>Burbank, CA 91502-3226<br>Tel: (818) 559-4477<br>Fax: (818) 559-5484<br>**Attorneys for Plaintiff** | |

14

15

16

17

(X)  BY MAIL (CCP § 1013(a)): I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing with the United States Postal Service. I placed a true and correct copy(ies) of the above-titled document(s) in an envelope(s) addressed as above, with first class postage thereon fully prepaid. I sealed the aforesaid envelope(s) and placed it(them) for collection and mailing by the United States Postal Service in accordance with the ordinary practice of the business. Correspondence so placed is ordinarily deposited by the business with the United States Postal Service on the same day.

18

19

20

21

( )  BY FACSIMILE TRANSMISSION (CCP § 1013(e), CRC 2008(e)): I transmitted the document(s) by facsimile transmission by placing it(them) in a facsimile machine (telephone number 415-352-2701) and transmitting it(them) to the facsimile machine telephone number(s) listed above. A transmission report was properly issued by the transmitting facsimile machine. Each transmission was reported as complete and without error. A true and correct copy of the transmission report is attached hereto.

22

23

24

25

26

( )  BY OVERNIGHT DELIVERY (CCP § 1013(c)): I am readily familiar with the ordinary practice of the business with respect to the collection and processing of correspondence for mailing by Express Mail and other carriers providing for overnight delivery. I placed a true and correct copy(ies) of the above-titled document(s) in an envelope(s) addressed as above, with first class postage thereon fully prepaid. I sealed the aforesaid envelope(s) and placed it(them) for collection and mailing by Express Mail or other carrier for overnight delivery in accordance with the ordinary practice of the business. Correspondence so placed is ordinarily deposited by the business with Express Mail or other carrier on the same day.

27

28

( )  BY PERSONAL SERVICE UPON AN ATTORNEY (CCP § 1011(a)): I placed a true and correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed as indicated above. I delivered each of said envelope(s) by hand to a receptionist or a person authorized to accept same at the address on the envelope, or, if no person was

PROOF OF SERVICE

1  present, by leaving the envelope in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.

2

3  ( )  BY HAND  Pursuant to Code of Civil Procedure § 1011, I directed each envelope to the party(ies) so designated on the service list to be delivered by courier this date. A proof of service by hand executed by the courier shall be filed/lodged with the court under separate cover.

4

5  ( )  BY PERSONAL SERVICE UPON A PARTY  (CCP § 1011(b)): I placed a true and correct copy(ies) of the above-titled document(s) in a sealed envelope(s) addressed as indicated above. I delivered each of said envelope(s) by hand to a person of not less than 18 years of age at the address listed on the envelope, between the hours of eight in the morning and six in the evening.

6

7

8  I declare under penalty of perjury that the foregoing is true and correct. Executed on January 23, 2008, at San Francisco, California.

9

10

11  *Debora J. Fong*
   Debora J. Fong

12

13  *****

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6092171.1