1  Kevin M. (Casey) Christensen (SBN 168119)
   E-Mail: casey.christensen@bullivant.com
2  Peter Roldan (SBN 227067)
   E-Mail: peter.roldan@bullivant.com
3  Bullivant Houser Bailey PC
   601 California Street, Suite 1800
4  San Francisco, California 94108
   Telephone: 415.352.2700
5  Facsimile: 415.352.2701

6  Attorneys for Defendants Employee Benefit
   Management Services, Inc. and Ravalli
7  County

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

| STANFORD HOSPITAL AND CLINICS, a California corporation, | Case No.: C08-00538 (JW) |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FRCP 26(F) DISCOVERY PLAN** |
| vs. | Date: June 9, 2008 |
| EMPLOYEE BENEFIT MANAGEMENT SERVICES, INC., a Montana corporation; RAVALLI COUNTY, a political subdivision of the State of Montana; and DOES 1-50, inclusive, | Time: 10:00 a.m.<br>Dept.: Courtroom #8, 4th Fl.<br>Judge: Hon. James Ware |
| Defendants. | |

     The Parties hereby submit the following Joint Case Management Conference Statement
and Discovery Plan under Federal Rule of Civil Procedure 26(f):

     **1. Jurisdiction and Service**

     This action was originally filed in the Superior Court of the State of California for the
County of Santa Clara. On January 24, 2008, defendants removed this action to this Court.
This Court has subject matter jurisdiction over this action under and pursuant to the provisions
of 28 U.S.C. § 1332 (diversity jurisdiction). Venue in the Northern District of California is not
disputed and no parties remain to be served. Venue lies in the Northern District of California
because this action originated within the district and a substantial part of the events or omission

which give rise to the claim occurred in the district.

### 2. Facts

From March 31, 2004 through June 14, 2004, plaintiff Stanford Hospital and Clinics ("Stanford") provided medical treatment and services to David Ashman for cerebrovascular anomaly. Mr. Ashman was a plan beneficiary of defendant Ravalli County's self-funded health plan (the "Plan"). The Plan was administered by defendant Employee Benefit Management Services, Inc. ("EBMS").

Stanford sought payment from the Plan for the treatment and services provided. Pursuant to the terms of the Plan, EBMS processed Stanford's claim and the Plan paid Stanford for all covered services up to the maximum lifetime benefit of $1,000,000 provided to Mr. Ashman. Stanford now seeks to recover payment for claims denied by EBMS. EBMS contends that such claims exceeded the maximum lifetime benefit available to Mr. Ashman.

### 3. Legal Issues

Stanford has alleged causes of action for breach of written contract, breach of oral contract and breach of implied contract. Defendants contend that there is no evidence of any agreement by EBMS or the Plan to pay benefits for Mr. Ashman's treatment in excess of the maximum lifetime benefit afforded to Mr. Ashman under the terms of the Plan.

Stanford has also alleged a cause of action for recovery under a quantum meruit theory. Defendants contend that there is no basis for recovery under this theory because defendants did not receive any direct benefit as a result of Stanford's treatment of Mr. Ashman.

Finally, Stanford alleges causes of action for misrepresentation and estoppel. Defendants contend that it did not make any misrepresentations to Stanford regarding the benefits provided to Mr. Ashman under the plan and that Stanford did not reasonably rely on any such alleged misrepresentations.

### 4. Motions

There have been no motions filed in this action. The parties anticipate filing individual or cross-motions for summary judgment.

///

**5. Amendment of Pleadings**

None anticipated.

**6. Evidence Preservation**

No issues anticipated.

**7. Disclosures**

The parties have made their initial disclosures as provided for by FRCP 26.

**8. Discovery Plan**

There is no need for modification to the discovery rules. EBMS will be serving Plaintiff with interrogatories, requests for production of documents and requests for admission. EBMS also intends to notice the deposition of Plaintiff pursuant to FRCP 30(b)(6) once the parties can agree upon a suitable deposition date, preferably in mid to late July 2008.

**9. Class Actions**

Not applicable.

**10. Related Cases**

None.

**11. Relief**

Plaintiff contends that it is entitled to recovery of payment for claims denied by EBMS, interest on its recovery pursuant to Cal. Health & Safety Code section 1371, and pre-judgment interest.

**12. Settlement and ADR**

The parties have filed their Joint ADR Stipulation and have agreed to participate in mediation.

**13. Consent to Magistrate for All Purposes**

The parties do not consent to a magistrate judge.

**14. Other References**

The parties do not believe the case is suitable for other references.

**15. Narrowing of Issues**

The parties may be able to reach agreement with respect to the authenticity of certain

documents and the establishment of certain facts. However, the very limited facts and legal issues in dispute cannot be narrowed because each dispute is potentially dispositive of the entire case.

**16. Expedited Schedule**

N/A

**17. Scheduling**

The parties suggest a discovery cutoff date of January 31, 2009, expert disclosure to take place on February 7, 2009, a dispositive motion cutoff date of April 30, 2009, and a trial date of June 30, 2009.

**18. Trial**

Two to three day court trial.

**19. Disclosure of Non-Party Interested Entities or Persons**

The parties have no such entities or persons to disclose.

**20. Other Matters**

None.

DATED: May 28, 2008

STEPHENSON, ACQUISTO & COLMAN

By _____
Karlene J. Rogers-Aberman
Attorneys for Plaintiff Stanford Hospital and Clinics

DATED: May 29, 2008

BULLIVANT HOUSER BAILEY PC

By _____
Kevin M. (Casey) Christensen
Peter Roldan

Attorneys for Defendants Employee Benefit Management Services, Inc. and Ravalli County